# TAB "1"

Filing # 87989131 E-Filed 04/15/2019 03:08:42 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO.: 2019-002565-CA-01 (34)

MARIO GARCIA, JR.,

        Plaintiff,

vs.

FLORIDA DEPARTMENT OF
ENVIORMENTAL PROTECTION,
A Florida Not For Profit Corporation

        Defendant.

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff, MARIO GARCIA, JR. ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, FLORIDA DEPARTMENT OF ENVIORMENTAL PROTECTION ("Defendant"), and alleges as follows:

1. This action seeks damages in excess of $15,000.00

2. This is an action for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"); and 42 U.S.C. § 2000e-2 ("Title VII"), to redress injuries resulting from Defendant's unlawful race, national-origin, and retaliation-based discriminatory treatment of Plaintiff.

3. At all times material hereto, Plaintiff was a resident of North Miami Beach, Florida.

4. Defendant is a Florida Not For Profit Corporation authorized to conduct business in the State of Florida,

5.   Venue is proper because all of the actions that form the basis of this Complaint occurred within this district.

6.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.   Plaintiff is a Hispanic individual of Cuban national origin, and within a class of individuals protected by the FCRA and Title VII.

8.   Plaintiff commenced employment with Defendant from on or about August 17, 2013.

9.   Plaintiff was employed by Defendant as a Florida State Park Ranger at Bill Braggs State Park.

10. During Plaintiff's employment, Plaintiff was discriminated against by his supervisors Art Yerian and Lou Dobbs.

11. Both supervisors would constantly yell and belittle Plaintiff and other Black and Hispanic employees.

12. The supervisors did not treat other white employees the same way.

13. During Plaintiff's tenure, there was only one minority park ranger and the rest were all Caucasian.

14. Plaintiff would be given harder work tasks than other employees.

15. Plaintiff was videotaped and constantly told his duties were not done properly.

16. Plaintiff was read writings of Fredrick Douglas and Louis Lynch as an intimidation tactic.

17. On or about April 2017, Plaintiff called Human Resource Manager, David Ray, to complain about this discrimination and inform Human Resources the employees felt they were being treated like slaves.

18. Thereafter, Plaintiff was involuntarily transferred to another state park on or about May 2017.

19. Plaintiff was denied resident housing as is commonly provided to Park Rangers.

20. A Similarly situated white coworker to Plaintiff, in all aspects, Ranger Alex Straux, is one of Plaintiff's "Comparators".

21. Plaintiff's "Comparator" is given all desired volunteer group programs and interpretive programs and Plaintiff gets stuck with undesirable tasks.

22. Plaintiff is required to file vacation notices 30 days in advance, while Ranger Straux gets vacation notices approved within four days of initially submitting his notices.

23. Plaintiff currently works for, and is still employed by Defendant, and continues to feel harassed, retaliated against, and discriminated against due to his race and national origin.

24. Plaintiff has received multiple false write-ups, since initiating his complaint that discredit his character.

25. Plaintiff has received multiple internal investigations, since filing his initial complaint, by the Inspector General Raiford Rollins Jr., stating falsehoods about Plaintiff's actions.

26. Throughout Plaintiff's employment, Plaintiff performed and continues to perform his duties in an exemplary manner or above satisfactory levels.

## COUNT I
### *Race Discrimination in Violation of the FCRA*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

28. Plaintiff is a member of a protected class under the FCRA.

29. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

30. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is not White.

31. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's race was unlawful but acted in reckless disregard of the law.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

33. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling

Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

37. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation the FCRA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

39. Plaintiff is a member of a protected class under the FCRA.

40. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

41. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### *Retaliation in Violation of the FCRA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26

50. of this complaint as if set out in full herein.

51. Plaintiff is a member of a protected class under the FCRA.

52. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under the FCRA.

53. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's

protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful but acted in reckless disregard of the law.

54. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

55. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

56. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

57. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the

full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Race Discrimination in Violation of Title VII*

58. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

59. Plaintiff is a member of a protected class under Title VII.

60. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on race.

61. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Hispanic.

62. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

63. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

64. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

65. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

66. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

67. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

68. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT V
### *National Origin Discrimination in Violation of Title VII*

69. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

70. Plaintiff is a member of a protected class under Title VII.

71. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

72. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

73. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

74. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

75. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

76. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

77. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

78. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

79. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *Retaliation in Violation of Title VII*

80. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26

81. of this complaint as if set out in full herein.

82. Plaintiff is a member of a protected class under the Title VII.

83. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under Title VII.

84. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful but acted in reckless disregard of the law.

85. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

86. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

87. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

88. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

    g.  Adjudge and decree that Defendants have violated the Title VII, and done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

h. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

k. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**EXHIBIT A**

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| X  FEPA | |
| X  EEOC and FCHR | |

## FCHR – Florida Commission on Human Relations; and
State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.)  Mr. Mario Garcia | Home Phone (Incl. Area Code) 786-399-3912 | Date of Birth 7-27-1968 |
|---|---|---|

Street Address  3400 NE 163st North Miami, FL 33160      City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name  Florida Department of Environmental Protection, Bill Baggs State Park | No. Employees, Members 15+ | Phone No. (Include Area Code) 305-361-5811 |
|---|---|---|

Street Address  1200 Crandon Blvd., Key Biscayne, FL 33149      City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

X RACE   __ COLOR   __ SEX   __ RELIGION   X NATIONAL ORIGIN

X RETALIATION   __ AGE   __ DISABILITY   X OTHER (Hostile Work)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  October 2016        Latest  May 2017

__ CONTINUING ACTION

Received  APR 27 2018

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s).)

I was discriminated against by my employer based on race and national origin.

I am a Hispanic individual of Cuban national origin. The discrimination I was subject to includes, but is not limited to, the following: I worked for my employer as a Park Ranger. Throughout my employment, I was repeatedly harassed and discriminated against by my supervisors, Art Yerian and Lou Dobbs. They would constantly yell and belittle me and other black and Hispanic employees. They did not treat white employees the same way. I was also given harder work tasks than other employees. In April 2017, I called Human Resource Manager, David Ray to complaint about this discrimination. I was thereafter transferred to another state park beginning in May 2017. Throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels.

In light of the foregoing, I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and local laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements  Elsa Peraza Commission # GG096719 Expires: April 23, 2021 Bonded thru Aaron Notary |
|---|---|
| I declare under penalty of perjury that the above is true and correct.  4/3/18      Date / Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLANANT  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

G620-SS2-68-267

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: _____4/15/2019_____                    Respectfully submitted,


                                                    /s/ Rainier Regueiro
                                                    Rainier Regueiro, Esq.
                                                    Florida Bar Number: 115578
                                                    rregueiro@rgpattorneys.com

                                                    **REMER & GEORGES-PIERRE, PLLC**
                                                    319 Clematis Street, Suite 606
                                                    West Palm Beach, FL 33401
                                                    Telephone: (561) 225-1970
                                                    Facsimile: (305) 416-5005

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent on

_____April 15, 2019_____ via US mail and/or electronic mail to the following:

**Christopher Whitelock, Esq.**
**WHITELOCK & ASSOCIATES, P.A.**
**300 Southeast Thirteenth St.**
**Fort Lauderdale, FL 33316**

**Tel: (954) 463-2001**
**Fax: (954) 463-0410**
**Email:** assistant@whitelocklegal.com

/s/Rainier Regueiro
**Rainier Regueiro, Esq.**
Florida bar No. 115578